IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

 Petitioner,

v.                Civ. No. 21-1094 KG-KK

GEORGE STEPHENSON, *et al*,

 Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kevin Ogden's Habeas Petition Under 28 U.S.C. §§ 2254 and 2241. (Doc. 1). Ogden challenges his 1989 state conviction for embezzlement based on, inter alia, ineffective assistance of counsel. Because the Court lacks jurisdiction to consider successive habeas petitions without Circuit authorization, this matter will be dismissed without prejudice.

I. Procedural Background

To better interpret the citations in the Petition, the Court takes judicial notice of Ogden's state court criminal dockets, Case No. D-307-CR-89-268; A-1-CA-39153; and S-1-SC-39027. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 1989, Ogden pled no contest to embezzlement in violation of N.M.S.A. § 30-16-8. (No Contest/Guilty Plea) in D-307-CR-89-268. By a Judgment entered October 16, 1989, the state court initially imposed a deferred sentence. (Embezzlement Judgment) in D-307-CR-89-268. Ogden was placed on probation for 18 months. *Id.* On July 20, 1990, the state court

revoked probation and ordered Ogden to serve 18 months in prison. (Order Revoking Probation) in D-307-CR-89-268. The state docket reflects Ogden did not file a direct appeal from the Embezzlement Judgment or the Order Revoking Probation. (Docket Sheet) in D-307-CR-89-268. Roughly six years passed with no activity in the embezzlement case. *Id.* On April 21, 1997, Ogden filed a state habeas petition. The state court denied the petition. (Order, Petition Denied) in D-307-CR-89-268. The New Mexico Supreme Court (NMSC) denied certiorari relief. (Order, Petition Denied) in D-307-CR-89-268.

On August 4, 1997, Ogden filed his first 28 U.S.C. § 2254 petition challenging the embezzlement conviction in D-307-CR-89-268. (Doc. 1) in 97-cv-1021 MV-LFG (First Petition). The Court (Hon. Martha Vazquez) denied the First Petition as time-barred and with prejudice. (Docs. 19, 20) in 97-cv-1021 MV-LFG. The Tenth Circuit affirmed. (Doc. 24) in 97-cv-1021 MV-LFG. Between 2001 and 2020, Ogden filed at least four Section 2254 habeas petitions challenging a separate state murder conviction in Case No. D-1116-CR-9200455. (Doc. 11) in 20-cv-1292 KWR-SMV (setting out the filing history). The initial proceeding was dismissed on the merits and the successive habeas petitions were dismissed for lack of jurisdiction. *Id.*

Ogden filed the instant Petition on November 12, 2021. Although it is his sixth habeas proceeding, the Petition represents his second challenge to the embezzlement conviction in D-307-CR-89-268. Hence, the Court will refer to the instant filing (Doc. 1) as the Second Petition. The Second Petition seeks relief under 28 U.S.C. §§ 2254 and 2241. Ogden argues his 1989 embezzlement conviction is unconstitutional because, inter alia, his plea was involuntary; counsel was ineffective; the charging document was defective; the state court erred in ruling on

competency; and he returned the missing money within one day. (Doc. 1) at 4-14. Ogden paid the $5 habeas filing fee. (Doc. 4). The Second Petition is ready for *sua sponte* review under Habeas Corpus Rule 4.

II. Discussion

    *A. The Petition Will Be Construed as a Successive Section 2254 Claim*

As an initial matter, the Second Petition seeks relief under Sections 2241 and 2254. (Doc. 1) at 4. Section 2241 "is a vehicle for challenging pretrial detention ... or for attacking the execution of a sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). The Second Motion raises claims for ineffective assistance of counsel and various due process violations, which necessarily attack the validity of the conviction under Section 2254. *See Lee v. Oliver*, 574 Fed. App'x 846 (10th Cir. 2014) (refusing to construe claims under Section 2241 because "prosecutorial misconduct[ ] and ineffective assistance of counsel ... challeng[e] the validity of [petitioner's] conviction and sentence" under Section 2254). Moreover, it appears the 1989 embezzlement sentence has been completed, and Ogden fails to allege any continued, redressable injury based on the state warden's execution of his embezzlement sentence. *See United States v. Fields*, 823 Fed. App'x 587, 589 (10th Cir. 2020) (Except for challenges to the underlying conviction under Section 2254, a released habeas petitioner cannot obtain relief because he "no longer suffers a redressable injury."). Hence, the Court will construe the Second Petition under Section 2254 and limit its review to those claims.[1]

---

[1] The federal analog to Section 2254 - 28 U.S.C. § 2255 - contains a savings clause that allows petitioners to assert Section 2241 claims where the remedy available pursuant to Section 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e). There is no comparable savings clause in Section 2254. Even if there was, the Second Petition would not qualify under the test. The dispositive "question is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial [habeas]

*B.  The Court Lacks Jurisdiction Over the Second Petition*

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 petition.  *See* 28 U.S.C. § 2254(a); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the petitioner must obtain authorization from the Tenth Circuit before filing a successive Section 2254 proceeding in the District Court.  *See* 28 U.S.C. § 2244(b)(3) ("Before a … successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251.

Where, as here, the petitioner files a successive Section 2254 petition without authorization, the District Court has two options.  The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction."  *Cline,* 531 F.3d at 1252.  Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  A Section 2254 petition is typically time-barred unless it is filed within one year after the criminal judgment becomes final.  *See* 28 U.S.C. § 2244 (d).  The one-year period can be extended where the state impedes the federal filing, the Supreme Court recognizes a new

---

motion."  *Lee v. Oliver*, 574 Fed. App'x 846, 847 (10th Cir. 2014).  Ogden could and did bring his challenges to the embezzlement conviction in the First Petition filed in 1997.  The "fact th[at] [Ogden] is precluded from filing a second [habeas] petition does not" qualify as one of the "extremely limited circumstances" where he can obtain relief under § 2241.  *Lee*, 574 Fed. App'x at 847.

4

right, or the factual predicate of the claim could not have been discovered through due diligence. *Id.*

Considering the above factors, a transfer is not in the interest of justice. Ogden filed the Section Petition over 30 years after his state embezzlement conviction. The Tenth Circuit already determined Ogden's Section 2254 claims are time-barred. The Second Petition is not based on any new Supreme Court law, decided within a year of the filing, nor is it based on facts that were undiscoverable in the 1990's. The Court is also persuaded the lack of jurisdiction was clear at the time of filing. Hence, the Court declines to transfer the Second Petition to the Tenth Circuit. The Court will dismiss the Second Petition for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1. Petitioner Kevin Ogden's Habeas Petition Under 28 U.S.C. §§ 2254 and 2241 (Doc. 1) is dismissed without prejudice for lack of jurisdiction.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil case.

UNITED STATES DISTRICT JUDGE