IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

    Petitioner,

v.                                                           Civ. No. 21-1094 KG-KK

GEORGE STEPHENSON, *et al*,

    Respondents.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Kevin Ogden's Motion for Rehearing. (Doc. 7). Ogden is incarcerated and proceeding *pro se*. He asks the Court to reconsider its dismissal of his successive 28 U.S.C. § 2254 petition, which challenges a 1989 state embezzlement conviction. For the reasons below, the Court will deny Ogden's arguments for reconsideration and dismiss any additional, successive habeas claims.

I. Procedural Background

    In 1989, Ogden pled no contest to embezzlement in violation of N.M.S.A. § 30-16-8. (Doc. 1) at 25. By a Judgment entered October 16, 1989, the state court initially imposed a deferred sentence. *Id*. Ogden was placed on probation for 18 months. *Id*. On July 20, 1990, the state court revoked probation, and Ogden served time in jail.[1] (Order Revoking Probation) in D-307-CR-89-2681 *see also Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"). The state docket reflects Ogden did not file a direct appeal from the Embezzlement Judgment or the Order

---

[1] Ogden points out he did not actually serve 18 months because he was released early for good conduct. (Doc. 7) at 1-2. The Court notes this additional information, but it does not change the result.

Revoking Probation. (Docket Sheet) in D-307-CR-89-268. Roughly six years passed with no activity in the state embezzlement case. *Id.* On April 21, 1997, Ogden filed a state habeas petition. The state court denied the petition. (Order, Petition Denied) in D-307-CR-89-268. The New Mexico Supreme Court (NMSC) denied certiorari relief. (Order, Petition Denied) in D-307-CR-89-268.

On August 4, 1997, Ogden filed his first 28 U.S.C. § 2254 petition challenging the embezzlement conviction in D-307-CR-89-268. (Doc. 1) in 97-cv-1021 MV-LFG (First Petition). The Court (Hon. Martha Vazquez) denied the First Petition as time-barred and with prejudice. (Docs. 19, 21) in 97-cv-1021 MV-LFG. The Tenth Circuit affirmed. (Doc. 24) in 97-cv-1021 MV-LFG. Ogden filed the Petition that generated this case on November 12, 2021. Although it is his sixth habeas proceeding,[2] the Petition represents his second challenge to the embezzlement conviction in D-307-CR-89-268. Hence, the Court will refer to the opening pleading in this case (Doc. 1) as the Second Petition. The Second Petition seeks relief under 28 U.S.C. §§ 2254 and 2241. Ogden argues his 1989 embezzlement conviction is unconstitutional because, inter alia, his plea was involuntary; counsel was ineffective; the charging document was defective; the state court erred in ruling on competency; and he returned the missing money within one day. (Doc. 1) at 4-14.

By a ruling entered March 2, 2022, the Court construed the Second Petition as a successive Section 2254 filing, rather than a Section 2241 petition regarding the execution of Ogden's sentence. Doc. 5 (2022 Dismissal Ruling). The Court dismissed the Second Petition for lack of jurisdiction. The Court denied a certificate of appealability and entered Final Judgment on the

---

[2] Between 2001 and 2020, Ogden filed at least four Section 2254 habeas petitions challenging a separate state murder conviction in Case No. D-1116-CR-92-455. (Doc. 11) in 20-cv-1292 KWR-SMV (setting out the filing history). The initial proceeding was dismissed on the merits and the successive habeas petitions were dismissed for lack of jurisdiction. *Id.*

same day. (Doc. 6). The 2022 Dismissal Ruling is incorporated herein. Ogden filed the instant Motion seeking reconsideration on March 14, 2022. He also filed a Notice of Appeal on November 3, 2022. The Tenth Circuit abated the appeal while this Court rules on the Motion. (Doc. 12).

II. Discussion

A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

When a motion to reconsider follows a habeas ruling, courts also scrutinize whether the request for relief is tantamount to a successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, ... or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16. In the case of

a mixed pleading, the Rule 60(b) allegations must be considered separately from the successive habeas claims. *Id.* at 1217,

The Motion here primarily alleges defects in the 2022 Dismissal Order. Ogden contends his Second Petition should not have been dismissed because, inter alia:

(a) "[N]o one knows whether [the state docket sheet] is accurate," as it omits information about Ogden's early release from probation on the embezzlement charge. (Doc. 7) at 1.

(b) The Dismissal Ruling constitutes fraud and conspiracy to commit murder. *Id.* at 2.

(c) Ogden has not filed prior habeas petitions. Alternatively, other cases have "nothing to do with this petition" because his right to file the Second Petition is "absolute." *Id.* at 2.

(d) The Court improperly declined to construe the Second Petition under Section 2241, which Ogden believes is "specifically [designed] for the purpose of filing a second petition." *Id.* at 3-4. Alternatively, the "Tenth [C]ircuit case law has no bearing whatsoever and is not binding on anyone concerning [the] interpretation of § 2241." *Id.*

(e) This case raises a "claim of innocence." *Id.* at 3.

(f) The state prison's inadequate law library allegedly impeded Ogden's ability to file a timely Section 2254 petition. *Id.* at 5. Ogden did not go to trial on the embezzlement charge and was allegedly unable to discover unspecified facts through the exercise of due diligence. *Id.*

(g) Habeas petitions may only be dismissed on the merits, rather than on procedural grounds. *Id.* at 6. District courts are allegedly not permitted to consider a time-bar. *Id.* at 2.

(h) The 1999 Tenth Circuit Order affirming the dismissal of Ogden's First Petition as time-barred is allegedly not relevant. *Id.* Ogden alleges this is a "new petition" challenging the embezzlement conviction following recent state court orders denying post-conviction relief. *Id.*

(i) All Supreme Court laws are automatically retroactive on collateral review. *Id.* at 8.

(j) The Second Petition seeks "post-sentence relief," not habeas relief. *Id.* at 9.

None of these arguments warrant relief under Rule 59(e). The dispositive inquiry in this case is whether Ogden has challenged his embezzlement conviction in a prior Section 2254 petition. The First Petition and Second Petition list the same conviction and state case number. *Compare* (Doc. 1) with (Doc. 1) in 97-cv-1021 MV-LFG. "The dismissal of [Ogden's] ... first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Accordingly, the Dismissal Ruling correctly concluded this Court lacks jurisdiction over the Second Petition.

The Court further notes that many arguments are founded on the mistaken belief that because Ogden is relitigating the embezzlement conviction in state court, he can now file additional federal petitions. The state court has not amended the embezzlement judgment.[3] There is no authority permitting a new federal filing after each adverse state ruling. As discussed in the Dismissal Ruling, Ogden also may not assert his claims under Section 2241 to circumvent the limit on successive habeas petitions. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (defendant cannot avoid bar against successive Section 2255 petitions by simply styling petition under different name); *Patel v. Morris*, 37 Fed. App'x. 428, 430-31 (10th Cir. 2002) (allowing such characterization contravenes Congressional intent to restrict successive petitions).

Finally, the instant Motion argues the state embezzlement conviction is defective based on instructional error and/or the elements of the crime. To the extent Ogden proffers this information as "new evidence" justifying reconsideration, no relief is warranted. Ogden alleges he is actually

---

[3] Ogden argues the state court "recently ruled that only intent is required for conviction." (Doc. 7) at 9. It is unclear to which ruling Ogden refers. The state docket reflects that Ogden began re-litigating in 2018. *See* (Docket Sheet) in D-307-CR-89-268. The docket further reflects each post-conviction motion has been denied; Ogden has not obtained state relief from the embezzlement conviction. *Id.*

innocent. Neither the Second Petition nor the instant Motion presents "new, reliable evidence" that would convince a reasonable juror to acquit him of the crime. *Rose v. Newton-Embry*, 194 Fed. App'x 500, 502 (10th Cir. 2006) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Hence, transferring the Second Petition to the Tenth Circuit before case closure was not appropriate.

The Court will deny the Motion, to extent it seeks relief under Rule 59(e). The Motion may also raise successive habeas claims. Ogden maintains his innocence, as noted above. He also alleges his current sentence is illegal, based on an enhancement from the 1989 embezzlement conviction, and that the State did not prove each element of embezzlement. (Doc. 7) at 4, 6. To the extent the Motion challenges the embezzlement conviction, such claims are dismissed without prejudice as successive. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1. Ogden's Motion for Rehearing (Doc. 7) is denied.
2. Any successive habeas claims in that motion are dismissed without prejudice.
3. A certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE